# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GLIDDEN COMPANY D/B/A ICI PAINTS
AND CRI STEERING COMMITTEE,**
        Appellants,

    v.                                               Case No. 05C1355

**FV STEEL AND WIRE COMPANY,**
        Appellees.

**GLIDDEN COMPANY D/B/A ICI PAINTS
AND CRI STEERING COMMITTEE,**
        Appellants,

    v.                                               Case No. 05C1356

**FV STEEL AND WIRE COMPANY,**
        Appellees.

## ORDER

Appellants Glidden Company d/b/a/ ICI Paints and CRI Steering Committee ("Glidden") are appealing two decisions of the bankruptcy court in the same case, involving the same parties. On September 27, 2005, the court ruled that Glidden has no allowable claim against debtor FV Steel and Wire Company. On November 18, 2005, the court denied Glidden's motion for reconsideration and its motion to amend its claims or, alternatively, to file a claim on behalf of the EPA. Appellants have suggested that I consolidate the cases, and appellees have raised no objection.

Fed. R. Civ. P. 42(a) permits me to consolidate actions that involve a common question of law or fact. The decision whether or not to consolidate is committed to my

sound discretion. Bradley v. Soo Line R.R. Co., 85 F.R.D. 307, 309 (E.D. Wis. 1980). Here, where the parties and facts underlying the legal questions are the same, consolidation will serve the interests of judicial economy and convenience. See Heck v. Bd. of Trs., Kenyon College, 12 F. Supp. 2d 728, 747 (S.D. Ohio 1998) (stating that consolidation is a tool of judicial convenience and economy, and does not affect the substantive rights of the parties).

Therefore,

**IT IS ORDERED** that for purposes of pretrial proceedings, case numbers 06C1355 and 06C1355 **ARE CONSOLIDATED.**

Dated at Milwaukee, Wisconsin this 27 of July, 2006.

/s_____
LYNN ADELMAN
District Judge